IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL LLC, and FUNDAMENTAL INNOVATION SYSTEMS INTERNATIONAL HOLDINGS LLC,<br><br>    Defendants.<br>_____/ | No. C 19-00638 WHA<br><br>**SHOW CAUSE ORDER** |

    A prior order dated April 30 denied defendants Fundamental Innovation Systems International LLC and Fundamental Innovation Systems International Holdings LLC's ("Fundamental") motion to dismiss or transfer the instant action to the Eastern District of Texas (Dkt. No. 36). That order also noted that "[i]t would be impractical, given the disclosures that have occurred pursuant to the NDA, to litigate this case without using those disclosures. Both sides agreed to arbitrate issues arising out of the NDA" (*id*. at 36). Accordingly, that order required both sides to show cause as to why the instant action should not be resolved through arbitration in San Francisco pursuant to the parties' non-disclosure agreement (*ibid*.).

    The express purpose of the NDA, which was executed during the parties' pre-suit negotiations, was related to "discuss[ion] and evaluat[ion of] a potential license, acquisition or other transactions relating to patents and patent applications that Company represent[ed] it own[ed] or control[led]" (Dkt. No. 22-25 at 1). The NDA also provided that the parties may not

use or disclose confidential information for anything other than that purpose, as follows (*id.* ¶ 4(b)):

> 4. NONDISCLOSURE AND NONUSE OF CONFIDENTIAL INFORMATION. Recipient agrees:
>
> \*        \*        \*
>
> b. not to use or disclose Discloser's Confidential Information for any purpose other than the Purpose or as expressly permitted in this Agreement, without the prior written consent by the Discloser[.]

Fundamental argues that plaintiff Apple Inc. filed the instant declaratory judgment action "based, at least in critical part, on the Confidential Information Fundamental provided to Apple under the NDA" (Dkt. No. 42 at 3). That is, according to Fundamental, Apple "by its own account filed this suit based on its assessment that the financial offer Apple envisioned would not be interesting to Fundamental" and thus "was very clearly using Confidential Information that it had obtained from Fundamental under the NDA" (*ibid.*). Fundamental contends that Apple's violation of the NDA's stated purpose was made particularly evident given that Apple "did not see fit to file its suit and plead its allegations *until shortly after* receiving and reviewing Fundamental's Confidential Information pursuant to the NDA" (*ibid.* (emphasis in original)). Moreover, Fundamental asserts that "the pre-suit communications are also relevant to Fundamental's claim that Apple's infringement of Fundamental's patents has been willful" (*id.* at 4). Because the disclosures made under the NDA will be allegedly relied upon by both sides during litigation, Fundamental asserts that the instant action should be resolved through arbitration pursuant to Paragraph 17 of the NDA.

As Apple points out, however, the NDA "expressly contemplates that the parties would eventually litigate their patent infringement disputes in district court" (Dkt. No. 41 at 2). That is, paragraph five of the NDA provides the following (Dkt. No. 22-25 ¶ 5 (emphasis added)):

> 5. USE IN CERTAIN PROCEEDINGS. Notwithstanding anything else in this Agreement, *either Party may*: (a) use its own work product for any purpose; or (b) *use or disclose Confidential Information to any court*, arbitrator or other tribunal, forum or governmental authority, *in a claim, investigation, or proceeding related to the Patents or licensing of the Patents*, only to the extent relevant to such claim, investigation or proceeding, provided the Party uses all reasonable efforts to secure the highest confidential treatment available for such disclosure, and provides the other Party prompt notice reasonably in advance of disclosure to provide sufficient time for the other Party to seek a protective order or other remedy.

Moreover, the NDA's definition of "Confidential Information" relates only to "Financial Terms" and explicitly excludes information that "relates to the interpretation, application, assertion of infringement, validity or enforceability of the Patents, including without limitation any prior art to the Patents" (*id*. ¶ 3(a)). As such, Apple contends that the NDA "only governs disputes relating to the disclosure of financial information, not the resolution of patent infringement disputes" (Dkt. No. 41 at 5). This order agrees. Though Apple may have used financial information protected under the NDA in determining whether to file a declaratory judgment action, the fact remains that the instant action primarily relates to "the interpretation, application, assertion of infringement, validity or enforceability of" the patents-in-suit and that such a suit is expressly contemplated by the NDA. Under these circumstances, this order agrees with Apple that the instant dispute is not subject to compelled arbitration.

*         *         *

In the spirit of streamlining the instant action, Apple requests that the parties "be ordered to meet and confer to agree upon a covenant not to sue (coupled with a dismissal with prejudice) on the seven patents [Fundamental] elected not to assert against Apple in [Fundamental's] retaliatory complaint" in the Eastern District of Texas (*id*. at 4). As the first of many steps in conserving the Court's resources, the parties are hereby **ORDERED** to **MEET AND CONFER** by **JUNE 28** regarding a covenant not to sue on the seven patents.

**IT IS SO ORDERED.**

Dated: June 18, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3